### WILLIAM H. MURDOCK *vs.* CHARLES H. BLESDELL.

The constitution of an association of milk dealers was signed by all the members, and provided that all disputes between them concerning their milk routes should be submitted to a permanent board of arbitrators, chosen by the association, whose award, "being made and reported to the parties in writing, shall be final." In acting upon an award, made by the persons constituting the board, in such a dispute, the judge ruled that the award was invalid as an award of the board, if it was not in writing; but that, if there was a voluntary reference of the matter to those persons, as arbitrators chosen by the parties without regard to their capacity as a committee of the association, and they duly heard the parties, and made the award, and gave the parties notice of it, it would be binding; and he refused a request of the plaintiff to instruct them further, that if the matter was referred to these persons it was of no consequence whether they were a committee or not. *Held*, that the plaintiff had no ground of exception.

CONTRACT on an award alleged to have been made by arbitrators under a submission entered into by the parties, of damages for the defendant's interference with the plaintiff's milk route. The answer denied that the defendant ever entered into any such submission.

At the trial in the superior court, before *Pitman*, J., it appeared that the plaintiff and the defendant were both dealers in milk, and members of an association entitled the " Milk Dealers' Association of Boston and vicinity," which was composed of such dealers and designed to secure its members against interference with their respective milk routes ; and that in March 1869 they both signed the constitution of the association ; and this document was introduced in evidence. One of the provisions of its tenth article was, that " in case any member supplying a customer

shall by such customer be dismissed and another member engaged in his stead, then and in such case such other member agrees to pay to the member dismissed, as compensation or indemnity for loss by such dismissal, in the case of supplying for family use, the sum of ten dollars per quart for each and every quart of milk supplied to such customer in one day during the preceding quarter, such number of quarts to be determined by the average daily deliveries to such customer during such quarter ; " and the eleventh article was as follows : " There shall be appointed annually, and oftener, from time to time, in case of vacancy, a board of five persons, members of this association, to the determination of whom each of the undersigned agrees to submit all matters in dispute that may arise under this agreement between the parties, the award of whom, or the major of whom, being made and reported to the parties in writing, shall be final and conclusive in the premises, and the undersigned hereby respectively agree to and with each other that we will severally and respectively stand to, abide, keep and perform each and every award that shall be so made."

The plaintiff introduced evidence tending to show that in June 1869 he complained that the defendant was supplying with milk one of the plaintiff's former customers who had dismissed the plaintiff, and the defendant denied that he was doing so ; that by appointment the plaintiff and the defendant, and three of the five persons constituting the board of arbitration under the eleventh article of the constitution, assembled at the room of the association ; that, after waiting for some time for the other two members of the board to appear, "the defendant said that he would as lief leave the matter to the three then present as to the five, but before the hearing commenced one other came in, when it was agreed to submit the matter to these four ; " that the plaintiff stated his complaint, and then left the room ; that the defendant then made his counter-statement ; that the four agreed that there had been an interference with the plaintiff's milk route, and one of them computed the damages according to the tenth article of the constitution, and found them to be sixty-six dollars , and that " the four agreed on that sum and then and there reported their finding to the defendant."

The judge submitted the case to the jury under the following instructions :

1. " If the defendant referred the matter in controversy to these persons, as a standing committee of the association, acting under and in pursuance of the regulations of the association, and as himself a member of the same, bound thereby, only waiting the absence of one of the committee, then the award, not having been made in writing pursuant to the articles, is not binding."

2. " But if there was a voluntary reference of the matter to these persons, merely as arbitrators, so made by the parties, and with no reference to their action in any official capacity under the regulations of the association, then, if they duly heard the parties, and made their award, and notified the parties thereof, the award would be binding."

" After the charge, the plaintiff asked the judge to instruct the jury ' that if it was referred to these four gentlemen, no matter whether a committee or not ; ' but he declined to alter his instructions."

The jury returned a verdict for the defendant, and the plain·· tiff alleged exceptions.

*S. J. Thomas,* for the plaintiff.

*J. F. Pickering,* for the defendant.

CHAPMAN, C. J.   Both of the rulings in respect to the award were correct.   By the terms of the eleventh article, an award made in pursuance of it, in order to be binding, must be in writing ; and this fact sustains the first ruling.   All that the plaintiff had a right to ask beyond this was the second ruling given, namely, that if there was a voluntary reference of the matter to these. persons merely as arbitrators, so made by the parties, with no reference to their action in any official capacity under the regulations of the association, then, if they duly heard the parties, and made the award, and notified the parties thereof, the award would be binding.   The finding for the defendant implies that there was no such voluntary reference or award without regard to the official character of the referees.

*Exceptions overruled.*